# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 02 2019, 10:05 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald E.C. Leicht
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Marjorie Lawyer-Smith
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Braden Winters,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | April 2, 2019<br><br>Court of Appeals Case No.<br>18A-CR-2463<br><br>Appeal from the Howard Circuit Court<br><br>The Honorable Lynn Murray, Judge<br><br>Trial Court Cause No.<br>34C01-1706-F1-117 |

**Shepard, Senior Judge.**

[1] Braden Winters appeals the sixteen-year sentence the trial court imposed after he pleaded guilty to aggravated battery, a Level 3 felony.[1] We affirm.

[2] On the night of May 27, 2017, nineteen-year-old Braden Winters was with Armando Shields at a self-storage facility in Kokomo, Indiana. They met Austin Mealer, a friend of Winters. The three men smoked a joint.

[3] Next, they went behind the storage units, where Shields and Winters donned gloves and robbed Mealer at gunpoint, taking his mobile phone and $200-300 in cash. Shields shot Mealer in the forehead, and then Winters shot Mealer in the back of his head as he lay on the ground. After Winters and Shields fled, Mealer stood up and sought help. He later identified Winters and Shields as the men who attacked him. Mealer developed frequent headaches and trouble sleeping as a result of his injuries, and he further stated he felt paranoid and afraid to leave his home.

[4] An arrest warrant was issued for Winters. On July 14, 2017, while he was still being sought by police, Winters stated on a social media website he was "feeling excited," and further proclaimed, "Why they want me so bad. Make [sic] me feel special. All eyes on me!" Tr. Vol. III, State's Ex. 1. The United States Marshals Service arrested Winters on July 20.

---

[1] Ind. Code § 35-42-2-1.5 (2014).

[5]     The State charged Winters with attempted murder, a Level 1 felony, and robbery resulting in serious bodily injury, a Level 2 felony. The parties negotiated a plea agreement. Winters agreed to plead guilty to aggravated battery, a Level 3 felony, and the State agreed to dismiss the Level 1 and Level 2 felonies. The trial court accepted the agreement and sentenced Winters to sixteen years, suspending one year to community corrections.

[6]     Winter argues his sentence is inappropriate and asks us to reduce it to twelve years, consisting of six years executed, two years served on in-home detention, and four years of supervised probation. Indiana Appellate Rule 7(B) authorizes the Court to revise a sentence "authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." A defendant bears the burden of persuading this Court that the sentence meets the inappropriateness standard. *Childress v. State*, 848 N.E.2d 1073 (Ind. 2006). Our resolution of whether a sentence is appropriate turns on myriad factors, including our evaluation of the culpability of the defendant, the severity of the crime, and the damage done to others. *Cardwell v. State*, 895 N.E.2d 1219 (Ind. 2008).

[7]     At the time Winters shot Mealer, a person who committed a Level 3 felony could be sentenced to a term of between three and sixteen years, with the advisory sentence being nine years. Ind. Code § 35-50-2-5 (2014). The trial court sentenced Winters to the maximum, suspending one year to community corrections.

[8]    The nature of the offense is distressing. Winters, along with Shields, ambushed and robbed his friend Mealer. They brought gloves with them, which demonstrates a degree of planning. Shields shot Mealer in the forehead, and Winters shot him in the back of the head as he lay on the ground. Winters fled rather than seek help for Mealer. Further, Winters failed to turn himself in, choosing instead to brag on social media about being "excited" because law enforcement was looking for him.

[9]    Mealer's near-fatal injuries have left him physically and psychologically scarred. His doctors had to leave one of the rounds in his head and do not know if his chronic severe headaches will go away. Mealer's employment prospects are further hampered because he is afraid to leave his house.

[10]   Turning to the character of the offender, Winters has no adult criminal history, but he has a steady juvenile record. In 2013, he was adjudicated a delinquent for an act of criminal mischief, a Class D felony, if committed by an adult. That same year, Winters was adjudicated a delinquent for acts of battery, a Class B misdemeanor, and criminal trespass, a Class A misdemeanor, if committed by an adult. He was placed on probation and later violated the terms of probation. Finally, in 2015, Winters was adjudicated a delinquent for acts of theft, resisting law enforcement, and possession of alcohol while underage, all misdemeanors, if committed by an adult. Winter has been unable to stay out of trouble for more than a few years at a time, despite ample opportunities to reform his conduct. In addition, he regularly consumed

controlled substances including marijuana, heroin, and methamphetamine despite receiving substance abuse treatment.

[11] Winters claims he is learning disabled, but: (1) he did not present this argument at sentencing; and (2) he does not identify a link between his learning disability and the grievous offense he committed. He has failed to demonstrate his sentence is inappropriate.

[12] For the reasons stated above, we affirm the judgment of the trial court.

Bailey, J., and Brown, J., concur.